## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| Pepper, Kimberlee | ) | Case No: 10-13577 |
| Pepper, Anthony | ) | |
| Debtors. | ) | |
| | ) | |

## 1ST AMENDED CHAPTER 13 PLAN

## NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1

The future earnings of the Debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the Trustee the sum of **$489.00** (monthly) for **48** months.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1.  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. 507.

    (A)  Debtor's Counsel Fees and Costs: **$3,594.00**, to be paid through the plan **(in the first four installments)**: (Debtor has paid $431.00 Retainer plus $3,119.00 in plan for a total of $3,550.00 in Attorney Fees to be paid through this plan. The Debtor has also paid Court Filing Fees and out of pocket costs; this amount also include attorneys fees in the amount of $475.00 for filing an Adversary proceeding)

    (B)  Priority Taxes: N/A

    (C)  Other property or Administrative Expenses: N/A

2.  Pro-rata with or subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (A)  Long term or mortgage debt: 1st Mortgage: 25 Mica Road: Debtors to continue to make payments directly to **Chase Manhattan Mortgage**. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1 (b)(ii) and the parties shall be so governed. The Debtors reserve the right to object to this Creditor's claim post-confirmation.

(B)     Long term or mortgage debt: 2nd Mortgage: 25 Mica Road:
        **BAC Home Loan Services:** Mortgage to be avoided pursuant to
        <u>In re McDonald,</u> 205 F.3d. 606 (3rd Cir. 2000). No payments to be
        made to this creditor as a secured creditor through this plan.
        Debtors to file the appropriate pleadings to accomplish avoidance
        of this lien. This section of the Plan specifically incorporates all of
        the provisions affecting mortgage claims as set forth in Del. Bankr.
        L.R. 3023-1 (b)(ii) and the parties shall be so governed. The
        Debtors reserve their right to object to this Creditor's claim post-
        confirmation.

(C)     Secured vehicle debt: Debtors to continue to make payments direct
        to **Carbarn** for the **2005 Ford F350**. Creditor to be granted relief
        from the automatic stay in the event of a default of these payments.
        Creditor also to mark account as paid in full and turn over title to
        Debtors upon completion of these payments.

(D)     Secured Vehicle Debt: Pro-rata payments to **Citizens CAF** in the
        amount of **$10,635.00**(NADA Value of $9,450.00 plus 4.75%
        TILL interest) for the **2006 Chevrolet Express Cargo Van**.

(E)     Other secured debt:

        ATV Loan: Payment in the amount of **$4,592.00 **(Loan balance of
        $4,080.00 plus 4.75% interest) to **HSBC/Kawasaki** for payment in
        full of the **2006 ATV.** Creditor to mark account as paid in full and
        turn over title to Debtors upon completion of these payments and
        discharge of this case.

3.      Surrender: **2007 Cabin Cruiser BAHA Outlaw** (Boat) to **M & T Bank**.
        Debtor(s) abandons such property and agrees that the Automatic Stay
        under 11 U.S.C. §362 is terminated as to the property and any interest in
        the property. Claims, if any submitted by such creditor may receive a
        distribution under the Plan if such claims reflect an applicable deficiency
        balance remaining following surrender.

4.      Subsequent dividends to priority and secured creditors, dividends to
        allowed non-priority general unsecured creditors shall be distributed as
        follows:

- General unsecured creditors will be paid approximately **$2,500.00** or **3.75%** of their allowed claim on a pro-rata basis.

5. The following leases and executory contracts of the Debtor will be treated as follows: N/A

6. Title to the Debtor(s) property shall revest in the Debtor on confirmation of the plan.

7. Other special provisions of the Plan: <u>N/A</u>

8. A proof of claim must be filed in order to share in distributions under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801.

_/s/ Debtor signed previous plan on file_____     2/23/11
Debtor's Signature                                                   Date


_/s/ Debtor signed previous plan on file_____     2/23/11
Debtor's Signature                                                   Date


_/s/ Cynthia L Carroll_____     2/23/11
Cynthia L. Carroll, Esquire                                    Date
262 Chapman Road, Suite 108
Newark DE  19702
(302) 733-0411 (Telephone)
(302) 733-0511 (Facsimile)
Attorney for Debtors


2/23/11: Amended to increase NADA value for Citizens Auto Finance; to add mortgage arrears for 1st mortgage.